JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-277 PA (GJSx) | Date | January 14, 2016 |
|---|---|---|---|
| Title | Raymund Navarro, et al. v. Medtronic, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Stephen Montes Kerr | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Medtronic, Inc. ("Defendant") on January 13, 2016. Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiffs Raymund Navarro and Steven Ray ("Plaintiffs") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-277 PA (GJSx) | Date | January 14, 2016 |
|---|---|---|---|
| Title | Raymund Navarro, et al. v. Medtronic, Inc. | | |

The Notice of Removal alleges that "Plaintiffs are individuals who, Defendant is informed and believes based upon the contents of the complaint and their employment, are citizens of California." (Notice of Removal ¶ 4.) However, Plaintiffs' Complaint only alleges Plaintiffs' residence, and Defendant offers no further information about Plaintiffs' employment. (See Compl. ¶¶ 1, 2 (alleging that each plaintiff "was a resident of the County of Los Angeles in the State of California").)[1/] Because an individual is not necessarily domiciled where he or she resides, Defendant's allegations are insufficient to establish Plaintiffs' citizenship. Moreover, allegations based upon information and belief are not sufficient to establish diversity. See Kanter, 265 F.3d at 857. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Id. at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").

Defendant must also establish that the amount in controversy exceeds $75,000. When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus, 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-90, 58 S. Ct. 586, 590-91, 82 L. Ed. 845 (1938)). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). Here, Defendant merely states that "[b]ased upon the allegations in the complaint and communications with plaintiffs' counsel, Defendant is informed and reasonably believes and thereupon alleges that the amount plaintiffs contend is in controversy . . . is in excess of $75,000." (Notice of Removal ¶ 7.) This conclusory statement does not satisfy Defendant's burden.

As the party seeking to invoke this Court's jurisdiction, Defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). At this point, Defendant has failed to meet its burden to demonstrate complete diversity and the amount in controversy necessary to establish the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. BC603415 for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

---

[1/] While Plaintiffs' Complaint indicates that they had worked at Medtronic for many years when they filed the Complaint, there is no evidence of their employment status at the time of removal.